FILED
CLERK, U.S. DISTRICT COURT

MAR - 5 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ Kdu _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.  2:25-cv-01115-DOC-RAO |
| Plaintiff, | *FINAL* [~~PROPOSED~~] STIPULATED PRELIMINARY INJUNCTION |
| v. | |
| GROWTH CAVE, LLC, et al. | |
| Defendants. | |

On February 10, 2025, Plaintiff, the Federal Trade Commission, filed its

Complaint for Permanent Injunction, Monetary Judgment, and Other Relief

pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC

Act"), 15 U.S.C. §§ 53(b), 57b, and moved, pursuant to Fed. R. Civ. P. 65(b), for a

temporary restraining order, asset freeze, other equitable relief, and an order to

show cause why a preliminary injunction should not issue against Growth Cave,

LLC, also doing business as Buffalo Bridge, LLC and PassiveApps ("Growth

Cave"); Apex Mind, LLC ("Apex Mind"); Lucas Lee-Tyson; Osmany Batte, also

known as Ozzie Blessed; and Jordan Marksberry (collectively, "Defendants").

On February 13, 2025, the Court issued an *ex parte* Temporary Restraining Order against Defendants that includes an asset freeze and other equitable relief.

Defendant Marksberry ("Stipulating Defendant") has been properly served with a summons, the Complaint, the Temporary Restraining Order, and the Order Extending Temporary Restraining Order through March 5, 2025.

By way of stipulation filed March 5, 2025, the FTC and the Stipulating Defendant (collectively with the FTC the "Stipulating Parties") stipulate to entry of this Preliminary Injunction Order.

## FINDINGS OF FACT

By stipulation of the Stipulating Parties, the Court preliminarily finds as follows:

A.     The Stipulating Parties stipulate and agree to entry of this Order. Stipulating Defendant stipulates to entry of this Order without any admission of law or fact other than as stated herein.

B.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

C.     In numerous instances, Defendants, in the marketing and selling of business opportunities, have (1) failed to disclose material connections with testimonialists, and (2) made earnings claims in the general media while failing to make required disclosures in connection with those claims.

D.     In numerous instances, Defendants Growth Cave, Lee-Tyson, Batte, and Marksberry, in the marketing and selling of business opportunities, credit repair services, and other products and services, have violated the FTC Act, CROA, and rules governing their conduct. Specifically, they have (1) made false or unsubstantiated earnings claims, (2) made false or unsubstantiated claims that purchasers of their business opportunities will be able to, in a short amount of time,

- 1 -

launch their own program and attract customers or complete Defendants' program
and receive job placement, and (3) violated multiple trade regulation rule
provisions and statutory requirements in the selling of Defendants' business
opportunities and credit repair program, including by making misrepresentations,
failing to make required disclosures, and charging advance fees for credit repair
services.

E.    In numerous instances, Defendants Growth Cave and Lee-Tyson, in
the marketing and selling of a business opportunity called PassiveApps, have made
false claims that individuals providing testimonials are describing experiences with
the PassiveApps business opportunity.

F.    In numerous instances, Defendants Apex Mind, Batte, and
Marksberry have disseminated consumer testimonials about Apex Mind by
employees of Apex Mind, while failing to include a clear and conspicuous
disclosure of the testimonialists' material relationship with Apex Mind.

G.    There is good cause to believe that Defendants have taken
approximately $50 million from consumers in connection with their unlawful acts
and practices.

H.    There is good cause to believe that Defendants Growth Cave, Apex
Mind, Lee-Tyson, Batte, and Marksberry have engaged in and are likely to engage
in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the
FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions
Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R.
Part 437, as amended; the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §
1679; and the FTC's Trade Regulation Rule on the Use of Consumer Reviews and
Testimonials ("Reviews and Testimonials Rule"), 16 C.F.R. Part 465, and that
Plaintiff is therefore likely to prevail on the merits of this action. As demonstrated
by the declarations of consumers who purchased Defendants' products and

- 2 -

services, investigator declarations, and the additional evidence contained in the
FTC's volumes of exhibits, the FTC has established a likelihood of success in
showing that Defendants have made false or unsubstantiated statements, have
failed to make required disclosures, and have engaged in other unfair or deceptive
acts or practices in the marketing of Defendants' products and services.

I.    The FTC has sufficiently demonstrated that immediate and irreparable
harm will result from Defendants' ongoing violations of the FTC Act, the Business
Opportunity Rule, CROA, and the Reviews and Testimonials Rule unless
Defendants are restrained and enjoined by order of this Court.

J.    The FTC has sufficiently demonstrated that immediate and irreparable
damage to the Court's ability to grant effective final relief for consumers –
including monetary restitution, rescission, or refunds – will occur from the sale,
transfer, destruction or other disposition or concealment by Defendants of their
assets or records, unless Defendants continue to be restrained and enjoined by
order of this Court.

K.    Good cause exists for the Court to order a continued asset freeze over
the Stipulating Defendant's assets, subject to limited exclusions agreed to by the
Stipulating Parties, requiring the Stipulating Defendant to turn over business and
financial records to the FTC, and additional ancillary relief described below.

L.    Weighing the equities and considering Plaintiff's likelihood of
ultimate success on the merits, a preliminary injunction with an asset freeze and
other equitable relief is in the public interest.

M.    This Court has authority to issue this Order pursuant to Section 13(b)
of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All
Writs Act, 28 U.S.C. § 1651.

N.    No security is required of any agency of the United States for issuance
of a temporary restraining order. Fed. R. Civ. P. 65(c).

- 3 -

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

A.     **"Clearly and conspicuously"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

   1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure ("triggering representation") is made through only one means.

   2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

   3.     An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

   4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

   5.     The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the triggering representation appears.

- 4 -

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

B. **"Close proximity"** means that the disclosure is very near the triggering representation. For example, a disclosure made through a hyperlink, pop-up, interstitial, or other similar technique is not in close proximity to the triggering representation.

C. **"Corporate Defendants"** means Growth Cave, LLC and Apex Mind, LLC and each of their subsidiaries, affiliates, successors, and assigns.

D. **"Credit Repair Service"** means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or (2) providing any advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

E. **"Defendant(s)"** means the Corporate Defendants and the Individual Defendants, individually, collectively, or in any combination.

F. **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a) and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers,

- 5 -

personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

G.    "**Earnings Claim(s)**" means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings Claims include but are not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income.

H.    "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

I.    "**General Media**" means any instrumentality through which a person or entity may communicate with the public, including, but not limited to, television, radio, print, Internet, billboard, website, commercial bulk email, and mobile communications.

J.    "**Individual Defendant(s)**" means Lucas Lee-Tyson, Osmany Batte (a/k/a Ozzie Blessed), and Jordan Marksberry, individually, collectively, or in any combination.

- 6 -

# ORDER

## I.    PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are preliminarily restrained and enjoined from:

A.    Making any Earnings Claims to a prospective purchaser, unless the Earnings Claim is non-misleading and, at the time the Earnings Claims is made, Stipulating Defendant (1) has a reasonable basis for the claim; (2) has in his possession written materials that substantiate the claimed earnings; and (3) makes the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser, and the FTC;

B.    Making any Earnings Claims in the General Media, unless the Earnings Claim is non-misleading and, at the time the Earnings Claims is made, Stipulating Defendant (1) has a reasonable basis for the claim; (2) has in his possession written materials that substantiate the claimed earnings; and (3) states in immediate conjunction with the claim (a) the beginning and ending dates when the represented earnings were achieved and (b) the number and percentage of all persons who purchased Stipulating Defendant's products or services prior to the ending date in Section I.B.3.a, above, who achieved at least the stated level of earnings;

C.    Failing to provide any consumer, potential purchaser, or investor with disclosure documents in the form and manner required by 16 C.F.R §§ 437.2, 437.3(a)(l)-(5), and 437.4;

D.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, material aspects of the assistance offered to prospective purchasers of Stipulating Defendant's business opportunities, as provided by 16 C.F.R § 437.6(i);

E.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, that Stipulating Defendant's products or services:

    1.    Will allow purchasers to earn a specific level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment with little to no effort on their part; and

    2.    Will use artificial intelligence to maximize revenues;

F.    Mispresenting or assisting others in misrepresenting, expressly or by implication, that purchasers of Stipulating Defendant's products or services:

    1.    Will be able to or are likely to launch their own online business in a short amount of time and attract customers;

    2.    Will be able to complete Stipulating Defendant's training program and graduate within a short amount of time and receive a paid placement with a person or entity soon after graduation;

G.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, that a person providing an endorsement or testimonial is describing their findings, beliefs, or experience with the product or service being promoted;

H.    Failing to disclose, Clearly and Conspicuously, and in Close Proximity to the representation, any unexpected material connection between any consumer, endorser, or testimonialist with any Stipulating Defendant. For purposes of this provision, "unexpected material connection" means any relationship that might materially affect the weight or credibility of the testimonial or endorsement and that would not reasonably be expected by consumers; and

- 8 -

I.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## II.      PROHIBITED CREDIT REPAIR ACTIVITIES

**IT IS FURTHER ORDERED** that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, that Stipulating Defendant will substantially improve consumers' credit scores or ratings, including but not limited to, by removing negative information and hard inquiries from consumers' credit reports or profiles even where such information is accurate and not obsolete;

B.      Charging or receiving money or other valuable consideration for the performance of any Credit Repair Service before such service is fully performed;

C.      Failing to provide any consumer with a written statement of "Consumer Credit File Rights Under State and Federal Law," in the form and manner required by 15 U.S.C. § 1679c; and

D.      Failing to include in contracts for any Credit Repair Service the required terms and conditions, including: (a) a full and detailed description of the services to be performed for the consumer, including all guarantees of performance and an estimate of the date by which the performance of the services (to be performed by Stipulating Defendant or any other person or entity) will be complete or the length of the period necessary to perform such services; (b) the amount of payment; (c) the specific conspicuous statement in bold face type in immediate

- 9 -

proximity to the space reserved for the consumer's signature on the contract,
regarding the consumer's right to cancel the contract without penalty or obligation
at any time before the third business day after the date on which the consumer
signed the contract; and (d) a cancellation form in the prescribed manner required
by 15 U.S.C. §1679e.

III.        **PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Stipulating Defendant, Stipulating
Defendant's officers, agents, employees, and attorneys, and all other persons in
active concert or participation with any of them, who receive actual notice of this
Order, whether acting directly or indirectly, are hereby preliminarily restrained and
enjoined from:

A.        Selling, renting, leasing, transferring, or otherwise disclosing, the
name, address, birth date, telephone number, email address, credit card number,
bank account number, Social Security number, or other financial or identifying
information of any person that any Stipulating Defendant obtained in connection
with any activity that pertains to the subject matter of this Order; and

B.        Benefitting from or using the name, address, birth date, telephone
number, email address, credit card number, bank account number, Social Security
number, or other financial or identifying information of any person that any
Stipulating Defendant obtained in connection with any activity that pertains to the
subject matter of this Order.

Provided, however, that Stipulating Defendant may disclose such identifying
information to a law enforcement agency, to his attorneys as required for his
defense, as required by any law, regulation, or court order, or in any filings,
pleadings or discovery in this action in the manner required by the Federal Rules of
Civil Procedure and by any protective order in the case.

- 10 -

## IV.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendant and his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any assets that are:

1.    owned or controlled, directly or indirectly, by any Defendant;

2.    held, in part or in whole, for the benefit of any Defendant;

3.    in the actual or constructive possession of any Defendant; or

4.    owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant;

B.    Opening or causing to be opened any safe deposit boxes, commercial mailboxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant;

C.    Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of the Corporate Defendants or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

- 11 -

D.    Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The assets affected by this Section shall include: (1) all assets of Stipulating Defendant as of the time the Temporary Restraining Order issued in this action on February 13, 2025 (Dkt. 22); and (2) assets obtained by Stipulating Defendant after the Temporary Restraining Order was entered if those assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. The Stipulating Parties agree that this Section shall not preclude Marksberry from spending up to $6,000 per month on rent, car loan payments, food, and medical care. This Section does not prohibit repatriation of foreign assets specifically required by this order.

## V.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Stipulating Defendant or any asset that has been owned or controlled, directly or indirectly, by any Stipulating Defendant; held, in part or in whole, for the benefit of any Stipulating Defendant; in the actual or constructive possession of any Stipulating Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or asset associated with credits, debits, or charges

- 12 -

made on behalf of any Stipulating Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c) has extended credit to any Stipulating Defendant, including through a credit card account, shall:

A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or asset, as well as all Documents or other property related to such assets, except by further order of this Court; provided, however, that this provision does not prohibit Marksberry from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.    Deny any person access to any safe deposit box, commercial mailbox, or storage facility that is titled in the name of any Stipulating Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.    If not done earlier in compliance with the Temporary Restraining Order issued in this action (Dkt. 22), provide Plaintiff's counsel, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each asset or account covered by this Section:

1.    The identification number of each such account or asset;

2.    The balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the

1    person or entity to whom such account or other asset was remitted;

2    and

3    3.    The identification of any safe deposit box, commercial mailbox, or

4    storage facility that is either titled in the name, individually or

5    jointly, of any Stipulating Defendant, or is otherwise subject to

6    access by any Stipulating Defendant; and

7    D.    Upon the request of Plaintiff's counsel, promptly provide Plaintiff's

8    counsel with copies of all records or other Documents pertaining to any account or

9    asset covered by this Section, including originals or copies of account applications,

10   account statements, signature cards, checks, drafts, deposit tickets, transfers to and

11   from the accounts, including wire transfers and wire transfer instructions, all other

12   debit and credit instruments or slips, currency transaction reports, 1099 forms, and

13   all logs and records pertaining to safe deposit boxes, commercial mail boxes, and

14   storage facilities.

15   Provided, however, that this Section does not prohibit repatriation of foreign

16   assets specifically required by this order.

17   ## VI.    FINANCIAL DISCLOSURES

18   **IT IS FURTHER ORDERED** that each Stipulating Defendant who has not

19   yet provided completed financial statements to the FTC in accordance with this

20   Section, within five (5) days of service of this Order upon them, shall prepare and

21   deliver to Plaintiff's counsel:

22   A.    completed financial statements on the forms attached to this Order as

23   **Attachment A** (Financial Statement of Individual Defendant) and/or **Attachment**

24   **B** (Financial Statement of Corporate Defendant) for each Stipulating Defendant, as

25   applicable; and

26   B.    completed **Attachment C** (IRS Form 4506, Request for Copy of a

27   Tax Return) for each Stipulating Defendant.

28   - 14 -

## VII.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that, to the extent not completed by the date of this Order, within five (5) days following the service of this Order, each Stipulating Defendant shall:

A.    Provide Plaintiff's counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all assets, Documents, and accounts outside of the United States which are:  (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant;

B.    Take all steps necessary to provide Plaintiff's counsel access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**;

C.    Transfer to the territory of the United States all Documents and assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant; and

D.    The same business day as any repatriation, (1) notify counsel for Plaintiff of the name and location of the financial institution or other entity that is

- 15 -

the recipient of such Documents or assets; and (2) serve this Order on any such financial institution or other entity.

### VIII.        NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.      Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendant's assets have been fully repatriated pursuant to this Order; or

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Stipulating Defendant's assets have been fully repatriated pursuant to this Order.

### IX.        CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning Stipulating Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

- 16 -

## X.     PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' assets.

## XI.     REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and

employees; and (4) a detailed description of the business entity's intended
activities.

### XII.    IMMEDIATE PRODUCTION OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that, to the extent not completed by the date
of this Order, within five (5) days of the date of this Order, Stipulating Defendant
must produce to the Plaintiff for inspection, inventory, and copying, at a location
designated by Plaintiff, the following Documents or information:

A.    All Documents pertaining to Earnings Claims and other
representations related to the marketing, advertising, promotion, offer for sale, or
sale of any business opportunity, including substantiation for any Earnings Claims;

B.    All Documents relating to any testimonial about any of Defendants'
businesses, products, or services, including (but not limited to) electronic copies of
testimonials and Documents identifying each testimonialist; identifying the
program, product or service for which each testimonial was made; identifying the
date each testimonial was made; and reflecting any connection between any of the
Defendants and any testimonialist;

C.    Documents sufficient to reflect all disclosures made by any of the
Defendants relating to the sale of any business opportunity or credit repair service,
and the timing of all such disclosures;

D.    All customer information, including names, phone numbers,
addresses, email addresses, customer complaints and responses, and payment
information for all consumers who have purchased any business opportunity or
credit repair service offered for sale or sold by any Defendant;

E.    All contracts, including settlement agreements, with customers;

F.    Any correspondence, including electronic correspondence, that refers
or relates to any customer's earnings, or lack thereof, from any business
opportunity offered or sold by any of the Defendants;

- 18 -

G.    An electronic copy of each advertisement, including videos disseminated online or other mediums, used by any of the Defendants to promote and sell any business opportunity or credit repair service;

H.    All scripts and presentation materials (including slide decks, sales projections, charts, and spreadsheets) used by any of the Defendants in the sales process;

I.    All financial records and accounting information relating to the sale of any business opportunity or credit repair service by any Defendant, including profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and 1099 forms.

The Plaintiff shall return materials produced under this Section within five (5) business days of completing said inventory and copying. Production of Documents under this Section shall not provide grounds for any Defendant to object to any subsequent requests for Documents served by Plaintiff under this Order or the Federal Rules of Civil Procedure.

XIII.    **DISTRIBUTION OF ORDER BY STIPULATING DEFENDANT**

**IT IS FURTHER ORDERED** that Stipulating Defendant shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Stipulating Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Stipulating Defendant shall not take any action that would

- 19 -

1  encourage officers, agents, members, directors, employees, salespersons,

2  independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or

3  other persons or entities in active concert or participation with them to disregard

4  this Order or believe that they are not bound by its provisions.

### XIV.    SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by
any means, including facsimile transmission, electronic mail or other electronic
messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and
employees of Plaintiff, by any law enforcement agency, or by private process
server, upon any Stipulating Defendant or any person (including any financial
institution) that may have possession, custody or control of any asset or Document
of any Stipulating Defendant, or that may be subject to any provision of this Order
pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of
this Section, service upon any branch, subsidiary, affiliate or office of any entity
shall effect service upon the entire entity.

### XV.    CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all
correspondence and service of pleadings on Plaintiff shall be addressed via email
to Maris Snell (msnell@ftc.gov) and Adrienne Jenkins (ajenkins@ftc.gov).

### XVI.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of
this matter for all purposes.

\\\

\\\

\\\

\\\

- 20 -

1   IT IS SO ORDERED.

2   Dated:   *March 5, 2025*                    *David O. Carter*

3                                                              HON. DAVID O. CARTER
                                                               UNITED STATES DISTRICT JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28