UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GROWTH CAVE, LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-01115-DOC-RAO<br><br>**ORDER GRANTING JOINT STIPULATION TO MODIFY STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANTS OSMANY BATTE AND APEX MIND, LLC [94]** |

On August 25, 2025, Plaintiff the Federal Trade Commission ("FTC"), Defendants Osmany Batte and Apex Mind, LLC (collectively, "Stipulating Defendants") (collectively, with the FTC and Stipulating Defendants, the "Stipulating Parties") submitted a Joint Stipulation to Modify the Stipulated Preliminary Injunction as to Defendants Osmany Batte and Apex Mind, LLC. The Court having considered the Joint Stipulation and, good cause appearing, the Court **GRANTS** the Joint Stipulation and **ORDERS** as follows:

1. By consent of the parties, Section IV of the Stipulated Preliminary Injunction as to Defendants Osmany Batte and Apex Mind, LLC (Dkt. 47) is amended to allow Batte to sell specified real property and personal property as set out herein.

    a. Individual Defendant Osmany Batte shall take the following steps to sell all interests in the 2023 Cadillac Escalade ("Cadillac"), 2021 Rolls-Royce Cullinan ("Rolls-Royce"), and 2022 Ferrari SF90 ("Ferrari") (collectively, "the Vehicles") identified in Item 16 of the Financial Statement of Batte, provided to the FTC on March 25, 2025. Such sales of the Vehicles will not violate Section IV of the Stipulated Preliminary Injunction so long as:

        i. Batte immediately attempts to sell each of the Vehicles to a third-party at a fair market value (based on Kelly Blue Book value);

        ii. If Batte has not sold the Vehicles within 60 days of entry of this Order, he shall sell each of the unsold Vehicles at a fair market value (based on Kelly Blue Book value) by advertising it for sale through an online auction service and selling it to the highest bidder, or by placing the unsold

        Vehicles for sale through an appropriate broker or automobile listing service;

iii. Before accepting a bid or offer, Batte's counsel shall notify FTC counsel of the proposed sale price and the name, address, and telephone number of the purchaser(s) of the Vehicle;

iv. Pending sale of the Vehicles, Batte shall (i) maintain the Vehicles in good working order and in substantially the same condition as of March 25, 2025, the date Batte provided his sworn financial statement to the FTC; (ii) take no action to encumber or diminish the value of the Vehicles; (iii) maintain existing insurance coverage for the Vehicles; and (iv) remain current on any tax, registration, maintenance costs, loans, and other fees and expenses related to the Vehicles; and

v. The net proceeds from the sale of all interest in the Rolls-Royce and the Ferrari shall be deposited into the trust account of Batte's attorney, G. James Christiansen, where the net proceeds will remain pending Stipulating Parties' resolution of this case. Forty Thousand Dollars ($40,000.00) of the net proceeds from the sale of the Cadillac shall be deposited into the trust account of G. James Christiansen, where they will remain pending Stipulating Parties' resolution of this case, and Batte may retain the remainder of the net proceeds from the sale of the Cadillac. Except as set out in this Subsection, Batte shall in no way profit directly or indirectly from the sale of any of the Vehicles, including

2

     by sharing in any sales commission or fee, or by receiving anything of value of any kind;

   vi. Upon receipt of the net proceeds from the sale of each of the Vehicles, Batte's counsel shall notify FTC counsel of the amount of the net proceeds and the name, address, and telephone number of the purchaser(s) of the Vehicle.

b. Individual Defendant Osmany Batte shall take the following steps to sell all interests in the properties located at 22115 Hackney Street, West Hills, California 91304 and 10122 Jovita Avenue, Los Angeles, California 91311 (collectively, the "Investment Properties"):

   i. Batte shall within ten (10) days of entry of this Order list each of the Investment Properties for sale, provided that Batte first obtains from counsel for the FTC written approval of the terms that Batte establishes for the listing, including the list price and any real estate agent retained, which approval shall not be unreasonably withheld;

   ii. Immediately upon receiving any offer to purchase either Investment Property, Batte's counsel shall notify FTC counsel of the amount of the offer, any other conditions of the offer, and the name(s) and address(es) of the person(s) or entity(ies) making such offer;

   iii. Batte shall take all reasonable steps to effectuate the sale of the Investment Properties, including, but not limited to, signing contracts with real estate agents, keeping the Investment Properties in good repair, keeping the Investment Properties in a condition suitable for showing to

3

prospective purchasers, signing contracts for the sale of the Investment Properties, and signing all documents necessary or appropriate for the transfer of the Investment Properties to a new buyer(s);

iv. If, after three (3) months from the date of the entry of this Order, all interests in the Investment Properties have not been sold, Batte shall immediately retain an auction company and direct it to sell all remaining interests in the Investment Properties at public auction, provided that Batte first obtains from counsel for the FTC written approval of the auction company and of the terms that Batte establishes for the auction, which approval shall not be unreasonably withheld;

v. Until Batte transfers title and possession of the Investment Properties, Batte shall take no action to diminish the value of the Investment Properties, including any structures, fixtures, and appurtenances thereto, but instead shall maintain the Investment Properties in the same condition as on March 25, 2025, the date Batte provided his sworn financial statements to the FTC. Batte shall be responsible for timely payment of all taxes, fees, association dues, and all other attendant expenses related to the maintenance and ownership of the Investment Properties until such time as each property is sold or auctioned. Batte further is required to continue and to maintain in full force insurance coverage on the Investment Properties until the sale or auction of each Investment Property;

  vi. All net proceeds from the sale or auction of the Investment Property after payment of obligations due and owing to any valid mortgage holders and other priority lien holders, any property taxes owed, any adjustments in favor of the buyer(s) required to sell the property, and any reasonable and customary real estate agent fees and closing costs incurred in connection with such sale or auction that have been approved by counsel for the FTC, which approval shall not be unreasonably withheld, shall be deposited into the trust account of Batte's attorney, G. James Christiansen, where the net proceeds will remain pending Stipulating Parties' resolution of this case;

  vii. To secure his performance under this Subsection, Batte hereby grants to Plaintiff Federal Trade Commission a lien on and security interest in each of the Investment Properties in the value of Five Hundred Thousand Dollars ($500,000). Batte represents and acknowledges that the FTC is relying on the material representations that he is the sole owner of each of the Investment Properties; that title to each of the Investment Properties is marketable; and that none of the Investment Properties is encumbered by any lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest except for the lien, mortgage or security interest identified in the Financial Statement of Individual Defendant Osmany Batte provided to the FTC on March 25, 2025;

      viii.  Batte expressly agrees that none of the Investment Properties is a homestead property; and

      ix.  Batte shall cooperate fully with the FTC in the perfection of its liens and security interests of the Investment Properties and be responsible for preparing, executing, and recording the necessary documents and taking other actions necessary to perfect the FTC's voluntary liens on and security interests in the Investment Properties. Batte shall be responsible for paying all costs relating to the preparation, execution, delivery, filing, recording, and termination of the voluntary lien on and security interest in the Investment Properties. Batte shall deliver to the FTC copies of all recording documents used to perfect the FTC's voluntary liens on and security interests in the Investment Properties within ten days from the date of entry of this Order.

IT IS SO ORDERED.

Dated: August 21, 2025

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE