MARIS K.V. SNELL, FL Bar No. 125585
msnell@ftc.gov
ADRIENNE JENKINS, OH Bar No. 0089568
ajenkins@ftc.gov
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, OH 44114
Tel: (202) 660-8544
Fax: (216) 263-3426

MILES D. FREEMAN, Cal. Bar No. 299302
mfreeman@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

*Attorneys for Plaintiff Federal Trade Commission*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GROWTH CAVE, LLC, et al.<br><br>Defendants. | Case No. 2:25-cv-01115-DOC-RAO<br><br>**STIPULATION FOR ENTRY OF ORDER FOR PERMANENT INJUNCTION, MONETARY RELIEF, AND OTHER RELIEF AS TO DEFENDANT JORDAN MARKSBERRY** |

On February 10, 2025, Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Growth Cave, LLC, also doing business as Buffalo Bridge, LLC and PassiveApps; Apex Mind, LLC; Lucas Lee-Tyson; Osmany Batte, also known as Ozzie Blessed; and Jordan Marksberry (collectively, "Original Defendants"). Dkts. 1 & 2.

On February 13, 2025, the Court issued an *ex parte* Temporary Restraining Order against Defendants that included an asset freeze and other equitable relief. Dkt. 22. On February 25, 2025, the Court *sua sponte* extended the *ex parte* Temporary Restraining Order through March 5, 2025. Dkt. 23.

Defendant Marksberry was properly served with a summons, the Complaint, the Temporary Restraining Order, and the Order Extending Temporary Restraining Order through March 5, 2025. Dkt. 31.

By way of stipulation filed March 5, 2025, the FTC and Defendant Marksberry stipulated to entry of a Preliminary Injunction. Dkt. 26.

On May 9, 2025, the FTC filed an Amended Complaint against the Original Defendants as well as LLT Research Limited Liability Company (collectively, with the Original Defendants, "Defendants"). Dkt. 59. The Amended Complaint also names Friendly Solar, Inc. as a Relief Defendant. *Id.*

Plaintiff FTC and Defendant Marksberry (collectively, "Stipulating Parties") now stipulate to entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") (lodged concurrently with this Stipulation) to resolve all matters in dispute in this action between them. Plaintiff FTC and

- 1 -

Defendant Marksberry have consented to entry of the Order without trial or adjudication of any issue of law or fact herein.

Plaintiff FTC and Defendant Marksberry hereby stipulate to entry of the Order with the following terms:

## FINDINGS

A.    This Court has jurisdiction over this matter.

B.    The Complaint charges that Defendant Marksberry, along with the other defendants, participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended; the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679; and the FTC's Trade Regulation Rule on the Use of Consumer Reviews and Testimonials ("Reviews and Testimonials Rule"), 16 C.F.R. Part 465.

C.    Defendant Marksberry neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for the purposes of this act, Defendant Marksberry admits the facts necessary to establish jurisdiction.

D.    Defendant Marksberry waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

E.    Defendant Marksberry waives all rights to appeal or otherwise challenge or contest the validity of this order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.    "**Assisting Others**" includes the following:

- 2 -

1.    Performing customer service functions, including receiving or responding to consumer complaints;

2.    Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.    Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.    Providing names of, or assisting in the generation of, potential customers;

5.    Performing marketing, billing, payment processing, or payment services of any kind; or

6.    Acting or serving as an owner, officer, director, manager, or principal of any entity.

B.    "**Business Opportunity**" means a commercial arrangement in which: (1) A seller solicits a prospective purchaser to enter into a new business; and (2) The prospective purchaser makes a required payment; and (3) The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will: (i) Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or (ii) Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services; or (iii) Buy back any or all of the goods or

- 3 -

services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including but not limited to providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

C.    "**Clearly and conspicuously**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure ("triggering representation") is made through only one means.

2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.    An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.    In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.    The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the triggering representation appears.

- 4 -

6.    The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.    The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

D.    "**Close proximity**" means that the disclosure is very near the triggering representation. For example, a disclosure made through a hyperlink, pop-up, interstitial, or other similar technique is not in close proximity to the triggering representation.

E.    "**Credit Repair Service**" means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or (2) providing any advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

F.    "**Earnings Claim(s)**" means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings Claims include, but are not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income.

G.    "**Stipulating Defendant**" means Defendant Jordan Marksberry.

- 5 -

## ORDER

## I.     BAN ON SALE OR MARKETING OF BUSINESS OPPORTUNITIES

**IT IS ORDERED** that Stipulating Defendant is permanently restrained and enjoined from:

A.     Advertising, marketing, distributing, promoting, or offering for sale, or Assisting Others in advertising, marketing, distributing, promoting, or offering for sale, any Business Opportunity; and

B.     Holding, directly or through a third party, any ownership or other financial interest in any business entity that is advertising, marketing, distributing, promoting, or offering for sale, or that is Assisting Others in advertising, marketing, distributing, promoting, or offering for sale, any Business Opportunity, or any product or service to assist in the creation or development of a Business Opportunity.

## II.     BAN ON CREDIT REPAIR ACTIVITIES

**IT IS FURTHER ORDERED** that Stipulating Defendant is permanently restrained and enjoined from:

A.     Advertising, marketing, distributing, promoting, or offering for sale, or Assisting Others in the advertising, marketing, distributing, promoting, or offering for sale, any Credit Repair Service; and

B.     Holding, directly or through a third party, any ownership or other financial interest in any business entity that is advertising, marketing, distributing, promoting, or offering for sale, or that is Assisting Others in advertising, marketing, distributing, promoting, or offering for sale, any Credit Repair Service, or any product or service to assist in the creation or development of a Credit Repair Service.

- 6 -

### III.    PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from:

A.    Making any Earnings Claims, or Assisting Others in making any Earnings Claims, to a prospective purchaser, unless the Earnings Claim is non-misleading and, at the time the Earnings Claims is made, Stipulating Defendant (1) has a reasonable basis for the claim; (2) has in his possession written materials that substantiate the claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and (3) makes the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser, or the FTC;

B.    Making or disseminating, or Assisting Others in making or disseminating, false, unsubstantiated, or misleading testimonials;

C.    Misrepresenting or failing to disclose, Clearly and Conspicuously and in Close Proximity to the representation, or Assisting Others in misrepresenting or failing to disclose, Clearly and Conspicuously and in Close Proximity to the representation, that a reviewer or testimonialist has a material relationship to the company or individual selling the product or service;

D.    Misrepresenting, or Assisting Others in misrepresenting:

1.    The level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment associated with a particular product or service;

2.    That a product or service will use artificial intelligence (AI) to maximize revenues or otherwise enhance the profitability, effectiveness, or efficiency of the product or service; or

3.    The amount of time a product or service will take to use, be effective, complete, or become profitable;

E.    Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any other fact material to consumers concerning any good or service, such as: the total costs; the amount of time necessary to achieve the represented results; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of Forty-Eight Million, Five Hundred and Ninety-Seven Thousand, Five Hundred and Thirty-Eight Dollars ($48,597,538) is entered in favor of the Commission against Stipulating Defendant as monetary relief. The liability of Stipulating Defendant for the judgment shall be joint and several with any other Defendants or others to the extent subsequently ordered.

B.    Stipulating Defendant is ordered to pay to the Commission Thirty-Five Thousand Dollars ($35,000). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment, including the asset transfers specified in Subsection IV.C below, the remainder of the judgment is suspended as to Stipulating Defendant, subject to the Subsections below.

C.    In partial satisfaction of the monetary judgment set forth above, within seven (7) days of entry of this Order, the following transfers of assets shall be made to the Commission by electronic fund transfer in accordance with

instructions provided by a representative of the Commission. Stipulating
Defendant shall relinquish all legal and equitable right, title, control, and interest in
these assets and shall take all steps necessary to transfer possession, custody, and
control of the following assets to the Commission:

    1.    J.P. Morgan Chase Bank, N.A. shall transfer to the Commission all
assets held in the account ending in account number 2710 in the
name of Jordan Marksberry; and

    2.    Vanguard Brokerage Services shall transfer to the Commission all
assets held in the accounts ending in account numbers 9376 and
5004 in the name of Jordan Marksberry.

D.    The Commission's agreement to the suspension of part of the
judgment is expressly premised upon the truthfulness, accuracy, and completeness
of Stipulating Defendant's sworn financial statements and related documents
(collectively, "financial representations") submitted to the Commission, namely:

    1.    The Financial Statement of Individual Defendant Jordan
Marksberry signed on March 3, 2025, including the attachments
thereto;

    2.    The tax returns and bank records submitted by Defendant Jordan
Marksberry to the FTC on March 3 and March 4, 2025; and

    3.    The tax and financial records submitted by Defendant Jordan
Marksberry to the FTC on June 2, 2025.

E.    The suspension of the judgment will be lifted as to the Stipulating
Defendant if, upon motion by the Commission, the Court finds that Stipulating
Defendant failed to disclose any material asset, materially misstated the value of
any asset, or made any other material misstatement or omission in the financial
representations identified above.

F.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to Stipulating Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V.    ADDITIONAL MONETARY PROVISIONS

A.     Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Stipulating Defendant acknowledges that any Employer Identification Number, Social Security Number, or other Taxpayer Identification Number, including all such numbers that Stipulating Defendant previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E.     All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used

- 10 -

for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Stipulating Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.    The asset freeze set forth in the Stipulated Preliminary Injunction is modified to permit the payment and asset transfers identified in the section titled Monetary Judgment. Upon completion of the payment and transfers, the asset freeze is dissolved as to the Stipulating Defendant. The asset freeze shall remain in place as to the other defendants that are not a party to this stipulation. Stipulating Defendant must fully cooperate with the Commission as to the asset freeze. Stipulating Defendant must take all steps reasonable and necessary to assist in the transfer of assets, as identified in the section titled Monetary Judgment. If requested to execute appropriate documents, such as to liquidate, transfer, or assign any frozen asset, the Stipulating Defendant must execute such documents within 3 days of a written request from a representative of the Commission or any entity holding Stipulating Defendant's assets.

## VI.    CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendant, Stipulating Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from directly or indirectly:

- 11 -

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the business activities alleged in the Complaint; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII. COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendant must provide truthful and complete information, evidence, and testimony. Stipulating Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

- 12 -

## VIII.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendant obtain acknowledgments of receipt of this Order:

A.    Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, for any business that Stipulating Defendant individually, or collectively with any other Defendants, is the majority owner or controls directly or indirectly, Stipulating Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of this Order and all agents and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Stipulating Defendant delivered a copy of this Order, Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendant make timely submissions to the Commission:

A.    One year after entry of this Order, Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1. Stipulating Defendant must: (a) identify his primary physical, postal, and email address and telephone number, as designated

points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (b) identify all of Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant must describe if he knows or should know due to his own involvement); (d) identify all business activities, including any business for which Stipulating Defendant performs services whether as an employee or otherwise and any entity in which Stipulating Defendant has any ownership interest; and (e) describe in detail Stipulating Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership, and (f) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 10 years after entry of this Order, Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Stipulating Defendant must report any change in: (a) his name, including any aliases or fictious names, (b) his residential address, (c) his title or role in any business activity, including any business for which Stipulating Defendant performs services whether as an employee or otherwise and any entity in which Stipulating Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

- 14 -

(d) any designated point of contact; or (e) the structure of any entity Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Stipulating Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Jordan Marksberry, X250025.

## X.     RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendant must create certain records for 10 years after entry of this Order, and retain such record for 5 years. Specifically, Stipulating Defendant, for any business that he, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

- 15 -

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, address, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      A copy of each unique advertisement or other marketing material.

## XI.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions or testimony at a hearing or trial; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Stipulating Defendant. Stipulating Defendant must permit representatives of the Commission to interview any employee or other

person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendant or any individual or entity affiliated with Stipulating Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Stipulating Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.      RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO STIPULATED:

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

*/s/ Maris K.V. Snell*                                        Date: August 22, 2025
MARIS K.V. SNELL
msnell@ftc.gov
ADRIENNE JENKINS
ajenkins@ftc.gov
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, OH 44114
Tel: (202) 660-8544
Fax: (216) 263-3426

MILES D. FREEMAN
mfreeman@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

**FOR DEFENDANT JORDAN MARKSBERRY:**

Date:  June 3, 2025

JORDAN MARKSBERRY, *pro se*