MARIS K.V. SNELL, FL Bar No. 125585
msnell@ftc.gov
ADRIENNE JENKINS, OH Bar No. 0089568
ajenkins@ftc.gov
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, OH 44114
Tel: (202) 660-8544
Fax: (216) 263-3426

MILES D. FREEMAN, Cal. Bar No. 299302
mfreeman@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

*Attorneys for Plaintiff Federal Trade Commission*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GROWTH CAVE, LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-01115-DOC-RAO<br><br>**JOINT STIPULATION TO MODIFY STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANTS GROWTH CAVE, LLC AND LUCAS LEE-TYSON** |

Plaintiff Federal Trade Commission ("FTC"), Defendants Growth Cave, LLC, LLT Research Limited Liability Company, and Lucas Lee-Tyson (collectively, "Stipulating Defendants") (collectively, with the FTC and Stipulating Defendants, "Stipulating Parties") respectfully stipulate as follows:

WHEREAS, on February 10, 2025, the FTC filed the present action against Growth Cave, LLC, also doing business as Buffalo Bridge, LLC and PassiveApps ("Growth Cave"); Apex Mind, LLC; Lucas Lee-Tyson; Osmany Batte, also known as Ozzie Blessed; and Jordan Marksberry (collectively, "Original Defendants"). (Dkt. 1). Concurrent with the filing of the Complaint, the FTC also filed an *Ex Parte* Application for Temporary Restraining Order (Dkt. 2) ("TRO Application");

WHEREAS, on February 13, 2025, the Court granted the FTC's TRO Application and issued a Temporary Restraining Order against the Original Defendants (Dkt. 22);

WHEREAS, Defendants Growth Cave and Lee-Tyson were properly served with a summons, the Complaint, the Temporary Restraining Order, and the Order Extending Temporary Restraining Order through March 5, 2025 (Dkt. 29, 30);

WHEREAS, by way of stipulation filed April 1, 2025, the FTC and Defendants Growth Cave and Lee-Tyson stipulated to entry of a Preliminary Injunction. (Dkt. 49, 50);

WHEREAS, on May 9, 2025, Plaintiff FTC filed an Amended Complaint against the Original Defendants and LLT Research Limited Liability Company ("LLT Research") (collectively, with the Original Defendants, "Defendants"), as well as Relief Defendant Friendly Solar, Inc. (Dkt. 59);

WHEREAS, Defendant LLT Research was properly served with a summons and the Amended Complaint (Dkt. 66);

WHEREAS, Stipulating Defendants were properly served with the Amended Complaint;

WHEREAS, the Stipulating Parties agree that Section IV of the Stipulated Preliminary Injunction shall be amended to allow Lee-Tyson to sell certain real property and personal property;

THEREFORE, the Stipulating Parties stipulate as follows and respectfully request that:

1. The Court amend Section IV of the Stipulated Preliminary Injunction (Dkt. 50) to allow Lee-Tyson to sell specified real property and personal property as set out herein.

    a. Individual Defendant Lucas Lee-Tyson shall take the following steps to sell all interests in his residence located in Woodland Hills, California 91364, as described in the Financial Statement of Individual Defendant Lucas Lee-Tyson signed on March 4, 2025 (hereinafter, the "Property"):

        i. Lee-Tyson shall, within ten (10) days of entry of the Court's Order amending the stipulated preliminary injunction, list the Property for sale, provided that Lee-Tyson first obtains from FTC counsel written approval of the terms that Lee-Tyson establishes for the listing, including the list price and any real estate agent retained, which approval shall not be unreasonably withheld;

        ii. Immediately upon receiving any offer to purchase the Property, Lee-Tyson's counsel shall notify FTC counsel of the amount of the offer, any other conditions of the offer, and the name(s) and address(es) of the person(s) or entity(ies) making such offer;

        iii. Lee-Tyson shall take all reasonable steps to effectuate the sale of the Property, including, but not limited to, signing

     contracts with real estate agents, keeping the Property in good repair, keeping the Property in a condition suitable for showing to prospective purchasers, signing contracts for the sale of the Property, and signing all documents necessary or appropriate for the transfer of the Property to a new buyer(s);

  iv. If, after three (3) months from the date of the entry of the Court's Order amending the stipulated preliminary injunction, all interests in the Property have not been sold, Lee-Tyson shall immediately retain an auction company and direct it to sell all remaining interests in the Property at public auction, provided that Lee-Tyson first obtains from counsel for the FTC written approval of the auction company and of the terms that Lee-Tyson establishes for the auction, which approval shall not be unreasonably withheld;

  v. Notwithstanding Paragraph 1.a.iv above, upon good cause, and to maximize value of the Property, the Stipulating Parties may agree in writing, without need for a further Court order, to extend the time period to auction the Property for a period of up to three (3) additional months;

  vi. Until Lee-Tyson transfers title and possession of the Property, Lee-Tyson shall take no action to diminish the value of the Property, including any structures, fixtures, and appurtenances thereto, but instead shall maintain the Property in the same condition as on March 4, 2025, the date Lee-Tyson provided his sworn financial statements to the FTC. Lee-Tyson shall be responsible for timely payment of

all mortgage payments, fees, association dues, and all other attendant expenses related to the maintenance and ownership of the Property until such time as the Property is sold or auctioned. Lee-Tyson is also responsible for payment of all taxes related to ownership of the Property, including any associated penalties or late fees, until such time as the Property is sold or auctioned. Lee-Tyson further is required to continue and to maintain in full force insurance coverage on the Property until the sale or auction of the Property;

vii. If no final order has been entered as to Lee-Tyson that otherwise governs the liquidation of Lee-Tyson's assets, all net proceeds from the sale or auction of the Property after payment of obligations due and owing to any valid mortgage holders and other priority lien holders, any property taxes owed, any adjustments in favor of the buyer(s) required to sell the property, and any reasonable and customary real estate agent fees and closing costs incurred in connection with such sale or auction that have been approved by counsel for the FTC, which approval shall not be unreasonably withheld, shall be deposited into the trust account of Lee-Tyson's counsel, Holland & Knight, where the net proceeds will remain pending Stipulating Parties' resolution of this case;

viii. To secure his performance under this Subsection, Lee-Tyson hereby grants to Plaintiff Federal Trade Commission a lien on and security interest in the Property in the value of Five

     Hundred Thousand Dollars ($500,000). Lee-Tyson represents and acknowledges that the FTC is relying on the material representations that he is the sole owner of the Property; that title to the Property is marketable; and that the Property is not encumbered by any lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest except for the lien, mortgage or security interest identified in the Financial Statement of Individual Defendant Lucas Lee-Tyson provided to the FTC on March 4, 2025; and

  ix. Upon the request of FTC counsel, Lee-Tyson shall cooperate fully with the FTC in the perfection of its liens and security interests of the Property and be responsible for preparing, executing, and recording the necessary documents and taking other actions necessary to perfect the FTC's voluntary liens on and security interests in the Property. Lee-Tyson shall be responsible for paying all costs relating to the preparation, execution, delivery, filing, recording, and termination of the voluntary lien on and security interest in the Property. Lee-Tyson shall deliver to the FTC copies of all recording documents used to perfect the FTC's voluntary liens on and security interests in the Property within ten (10) days from the date of FTC counsel's request.

b. Lee-Tyson shall, within three (3) days of entry of the Court's Order amending the stipulated preliminary injunction, liquidate all assets in the Vanguard Brokerage Services account ending in account number 8482 in the name of Lucas Lee-Tyson (the "8482

Account"). Lee-Tyson may retain One Hundred Thousand Dollars ($100,000) of the proceeds of such liquidation, which shall be used for Lee-Tyson's reasonable living expenses including mortgage payments, utilities, food, and medical expenses. If Lee-Tyson wishes to pay penalties and federal and state income taxes owed by Lee-Tyson as a result of the liquidation of the 8482 Account in advance of the procedure set out in Paragraph 1.c, below, Lee-Tyson shall, prior to liquidating the 8482 Account, provide FTC counsel with documents prepared by a certified public accountant which reflect the amount of applicable penalties and federal and state income taxes owed by Lee-Tyson as a result of the liquidation of, distributed investment income and capital gains from, and early withdrawal of the monies from the 8482 Account. After providing FTC counsel with the foregoing documentation, Lee-Tyson or Vanguard Brokerage Services may retain and transmit to the appropriate tax authorities the estimated amount of penalties and federal and state income taxes for the sole purpose of paying any applicable penalties and federal and state income taxes owed by Lee-Tyson as a result of the liquidation of, distributed investment income and capital gains from, and early withdrawal of the monies from the 8482 Account. All remaining proceeds shall immediately be transferred to the trust account of Lee-Tyson's counsel, Holland & Knight, where such proceeds shall be preserved pending a future Court order. Within three (3) days of liquidating the 8482 Account Lee-Tyson shall provide FTC counsel with documentation confirming: (i) the total amount of proceeds generated from such liquidation, (ii) the transfer of the

remaining proceeds to Lee-Tyson's counsel's trust account, as set out above, and (iii) the total amount of federal and state income taxes and penalties paid in relation to the 8482 Account, if applicable.

c. On December 15, 2025, if no final order has been entered as to Lee-Tyson that otherwise governs the liquidation of Lee-Tyson's assets, Lee-Tyson shall liquidate all assets in the Vanguard Brokerage Services accounts ending in account numbers 8409, 1176, and 6531 in the name of Lucas Lee-Tyson.

　　i. Within seven (7) days after such liquidation, Lee-Tyson must provide FTC counsel with documents prepared by a certified public accountant which reflect the amount of applicable penalties and federal and state income taxes owed by Lee-Tyson as a result of the liquidation of, distributed investment income and capital gains from, and early withdrawal of the monies from the Vanguard Brokerage Services accounts ending in account numbers 8409, 1176, and 6531 and the 8482 Account (collectively, "Vanguard accounts"). After providing FTC counsel with the foregoing documentation, Lee-Tyson or Vanguard Brokerage Services may retain and transmit to the appropriate tax authorities the estimated amount of penalties and federal and state income taxes for the sole purpose of paying any applicable penalties and federal and state income taxes owed by Lee-Tyson as a result of the liquidation of, distributed investment income and capital gains from, and early withdrawal of the monies from the Vanguard accounts. All remaining proceeds of

7

such liquidation shall immediately be transferred to the trust account of Lee-Tyson's counsel, Holland & Knight. Such proceeds shall be preserved in the trust account of Holland & Knight pending a future Court order, except that without further order, Holland & Knight may release to Lee-Tyson an additional amount of such proceeds, not to exceed Fifty Thousand Dollars ($50,000) in total, for the sole purpose of paying any applicable penalties and federal and state income taxes owed by Lee-Tyson as a result of the liquidation and the early withdrawal of funds from the Vanguard accounts that exceed the previously-estimated amount.

ii. By April 15, 2026, Lee-Tyson shall pay all penalties and federal and state income taxes owed by Lee-Tyson as a result of the liquidation of, distributed investment income and capital gains from, and early withdrawal of the monies from the Vanguard Brokerage Services accounts and, immediately after payment of such taxes, Lee-Tyson shall transfer any remaining Vanguard funds that were not used to pay applicable penalties and taxes to the trust account of his counsel, Holland & Knight, where such funds shall be preserved pending a future Court order. Within three (3) days of the foregoing, Lee-Tyson shall provide FTC counsel with documentation confirming: (i) the total amount of federal and state income taxes and penalties paid in relation to the Vanguard accounts, and (ii) the transfer of any remaining Vanguard proceeds to Lee-Tyson's counsel's trust account, as set out herein.

| | |
|---|---|
| Dated: November 10, 2025 | Respectfully submitted, |
| /s/ Maris K.V. Snell | /s/ Dan Kappes |
| MARIS K.V. SNELL | DANIEL P. KAPPES |
| msnell@ftc.gov | daniel.kappes@hklaw.com |
| ADRIENNE JENKINS | Holland & Knight LLP |
| ajenkins@ftc.gov | 560 Mission Street |
| Federal Trade Commission | Suite 1900 |
| 1111 Superior Avenue, Suite 200 | San Francisco, CA 94105 |
| Cleveland, OH 44114 | Tel: 415.743.6951 |
| Tel: (202) 660-8544 | Fax: 415.743.6910 |
| Fax: (216) 263-3426 | |
| | *Attorneys for Defendants Growth Cave, LLC, LLT Research, LLC and Lucas Lee-Tyson* |
| MILES D. FREEMAN | |
| mfreeman@ftc.gov | |
| Federal Trade Commission | |
| 10990 Wilshire Boulevard, Suite 400 | |
| Los Angeles, CA 90024 | |
| Tel: (310) 824-4300 | |
| Fax: (310) 824-4380 | |
| *Attorneys for Plaintiff Federal Trade Commission* | |

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

                                               /s/ Maris K.V. Snell
                                               MARIS K.V. SNELL
                                               msnell@ftc.gov
                                               ADRIENNE JENKINS
                                               ajenkins@ftc.gov
                                               Federal Trade Commission

|   |   |
|---|---|
| 1 | 1111 Superior Avenue, Suite 200 |
| 2 | Cleveland, OH 44114 |
|   | Tel: (202) 660-8544 |
| 3 | Fax: (216) 263-3426 |
| 4 |   |
|   | MILES D. FREEMAN |
| 5 | mfreeman@ftc.gov |
| 6 | Federal Trade Commission |
|   | 10990 Wilshire Boulevard, Suite 400 |
| 7 | Los Angeles, CA 90024 |
| 8 | Tel: (310) 824-4300 |
|   | Fax: (310) 824-4380 |

*Attorneys for Plaintiff Federal Trade Commission*