UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:25-cv-01115-DOC-RAO |
| Plaintiff, | **STIPULATION FOR ENTRY OF ORDER FOR PERMANENT INJUNCTION, MONETARY RELIEF, AND OTHER RELIEF AS TO DEFENDANTS OSMANY BATTE AND APEX MIND, LLC, AND RELIEF DEFENDANT FRIENDLY SOLAR, INC.** |
| v. | |
| GROWTH CAVE, LLC, et al. | |
| Defendants. | |

On February 10, 2025, Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Growth Cave, LLC, also doing business as Buffalo Bridge, LLC and PassiveApps ("Growth Cave"); Apex Mind, LLC ("Apex Mind"); Lucas Lee-

Tyson; Osmany Batte, also known as Ozzie Blessed; and Jordan Marksberry
(collectively, "Defendants"). Dkts. 1 & 2.

On February 13, 2025, the Court issued an *ex parte* Temporary Restraining
Order against Defendants that included an asset freeze and other equitable relief.
Dkt. 22. On February 25, 2025, the Court *sua sponte* extended the *ex parte*
Temporary Restraining Order through March 5, 2025. Dkt. 23.

Defendants Apex Mind and Batte were properly served with a summons, the
Complaint, the Temporary Restraining Order, and the Order Extending Temporary
Restraining Order through March 5, 2025. Dkt. 32, 33.

By way of stipulation filed March 26, 2025, the FTC and Defendants Apex
Mind and Batte stipulated to entry of a Preliminary Injunction. Dkt. 44, 47.

On May 9, 2025, Plaintiff FTC filed an Amended Complaint, joining new
parties Defendant LLT Research Limited Liability Company and Relief Defendant
Friendly Solar, Inc. Dkt. 59.

Relief Defendant Friendly Solar, Inc. was properly served with a summons
and the Amended Complaint. Dkt. 65.

Defendants Apex Mind and Batte were properly served with the Amended
Complaint.

By way of stipulation filed August 21, 2025, the FTC and Defendants Apex
Mind and Batte stipulated to amend the Stipulated Preliminary Injunction to permit
Batte sell specified vehicles and real property, with the net proceeds to be held in
the trust account of Apex Mind and Batte's counsel, G. James Christiansen. Dkt.
94, 95.

Defendants Apex Mind and Batte ("Stipulating Defendants"), Relief
Defendant Friendly Solar, Inc. ("Relief Defendant"), and Plaintiff FTC
(collectively, "Stipulating Parties") now stipulate to entry of this Stipulated Order
for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") (lodged

- 2 -

concurrently with this Stipulation) to resolve all matters in dispute in this action between them. Stipulating Parties have consented to entry of the Order without trial or adjudication of any issue of law or fact herein.

Stipulating Parties hereby stipulate to entry of the Order with the following terms:

## FINDINGS

A.    This Court has jurisdiction over this matter.

B.    The Amended Complaint charges that Stipulating Defendants, along with the other defendants, participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended; the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679; and the FTC's Trade Regulation Rule on the Use of Consumer Reviews and Testimonials ("Reviews and Testimonials Rule"), 16 C.F.R. Part 465.

C.    The Amended Complaint further alleges that Relief Defendant received funds from Defendants traceable to funds obtained from consumers through deceptive acts or practices, and that Relief Defendant did not provide services in exchange for the funds it received and would therefore be unjustly enriched if it is not required to disgorge such funds.

D.    Stipulating Defendants and Relief Defendant neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for the purposes of this action, Stipulating Defendants and Relief Defendant admit the facts necessary to establish jurisdiction.

E.    Stipulating Defendants and Relief Defendant waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412,

concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

F.      Stipulating Defendants and Relief Defendant waive all rights to appeal or otherwise challenge or contest the validity of this order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Assisting Others**" includes the following:

1.      Performing customer service functions, including receiving or responding to consumer complaints;

2.      Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.      Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.      Providing names of, or assisting in the generation of, potential customers;

5.      Performing marketing, billing, payment processing, or payment services of any kind; or

6.      Acting or serving as an owner, officer, director, manager, or principal of any entity.

B.      "**Business Opportunity**" means a commercial arrangement in which:

- 4 -

(1) A seller solicits a prospective purchaser to enter into a new business; and (2) The prospective purchaser makes a required payment; and (3) The seller, expressly or by implication, orally or in writing, represents that the seller or one or more designated persons will: (i) Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the purchaser; or (ii) Provide outlets, accounts, or customers, including, but not limited to, Internet outlets, accounts, or customers, for the purchaser's goods or services; or (iii) Buy back any or all of the goods or services that the purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including but not limited to providing payment for such services as, for example, stuffing envelopes from the purchaser's home.

    C.    "**Clearly and conspicuously**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    1.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure ("triggering representation") is made through only one means.

    2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the triggering representation appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

D. "**Close proximity**" means that the disclosure is very near the triggering representation. For example, a disclosure made through a hyperlink, pop-up, interstitial, or other similar technique is not in close proximity to the triggering representation.

E. "**Credit Repair Service**" means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or (2) providing any advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

F. "**Earnings Claim(s)**" means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific

- 6 -

level or range of actual or potential sales, or gross or net income or profits. Earnings Claims include, but are not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income.

G.    "Relief Defendant" means Friendly Solar, Inc.

H.    "**Stipulating Defendants**" means Apex Mind, LLC and Osmany Batte, also known as Ozzie Blessed, individually, collectively, or in any combination.

## ORDER

## I.    BAN ON SALE OR MARKETING OF BUSINESS OPPORTUNITIES

**IT IS ORDERED** that Stipulating Defendants are permanently restrained and enjoined from:

A.    Advertising, marketing, distributing, promoting, or offering for sale, or Assisting Others in advertising, marketing, distributing, promoting, or offering for sale, any Business Opportunity; and

B.    Holding, directly or through a third party, any ownership or other financial interest in any business entity that is advertising, marketing, distributing, promoting, or offering for sale, or that is Assisting Others in advertising, marketing, distributing, promoting, or offering for sale, any Business Opportunity, or any product or service to assist in the creation or development of a Business Opportunity.

## II.    BAN ON CREDIT REPAIR ACTIVITIES

**IT IS FURTHER ORDERED** that Stipulating Defendants are permanently restrained and enjoined from:

A.     Advertising, marketing, distributing, promoting, or offering for sale, or Assisting Others in the advertising, marketing, distributing, promoting, or offering for sale, any Credit Repair Service; and

B.     Holding, directly or through a third party, any ownership or other financial interest in any business entity that is advertising, marketing, distributing, promoting, or offering for sale, or that is Assisting Others in advertising, marketing, distributing, promoting, or offering for sale, any Credit Repair Service, or any product or service to assist in the creation or development of a Credit Repair Service.

### III.        PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from:

A.     Making any Earnings Claims, or Assisting Others in making any Earnings Claims, to a prospective purchaser, unless the Earnings Claim is non-misleading and, at the time the Earnings Claims is made, Stipulating Defendants (1) have a reasonable basis for the claim; (2) have in their possession written materials that substantiate the claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and (3) make the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser, or the FTC;

B.     Making or disseminating, or Assisting Others in making or disseminating, false, unsubstantiated, or misleading testimonials;

C.     Misrepresenting or failing to disclose, Clearly and Conspicuously and in Close Proximity to the representation, or Assisting Others in misrepresenting or

failing to disclose, Clearly and Conspicuously and in Close Proximity to the representation, that a reviewer or testimonialist has a material relationship to the company or individual selling the product or service;

      D.    Misrepresenting, or Assisting Others in misrepresenting:

          1.    The level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment associated with a particular product or service;

          2.    That a product or service will use artificial intelligence (AI) to maximize revenues or otherwise enhance the profitability, effectiveness, or efficiency of the product or service; or

          3.    The amount of time a product or service will take to use, be effective, complete, or become profitable;

      E.    Misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any other fact material to consumers concerning any good or service, such as: the total costs; the amount of time necessary to achieve the represented results; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

      A.    Judgment in the amount of Forty-Eight Million, Five Hundred and Ninety-Seven Thousand, Five Hundred and Thirty-Eight Dollars ($48,597,538) is entered in favor of the Commission against Stipulating Defendants as monetary relief. The liability of Stipulating Defendants for the judgment shall be joint and several with any other Defendants or others to the extent subsequently ordered.

      B.    In partial satisfaction of the monetary judgment set forth in Section IV.A, the following transfers shall be made to the Commission by electronic fund

transfer in accordance with instructions provided by a representative of the Commission:

1.      To the extent he has not already done so pursuant to the Amended Stipulated Preliminary Injunction (Dkt. 47, 95), Individual Defendant Osmany Batte shall take the following steps to sell all interests in the 2023 Cadillac Escalade ("Cadillac"), 2021 Rolls-Royce Cullinan ("Rolls-Royce"), and 2022 Ferrari SF90 ("Ferrari") (collectively, "the Vehicles") identified in Item 16 of the Financial Statement of Batte, provided to the FTC on March 25, 2025:

   a. Batte shall immediately attempt to sell each of the Vehicles at a fair market value (based on Kelly Blue Book value);

   b. If Batte has not sold the Vehicles within 60 days of entry of this Order, he shall sell each of the unsold Vehicles at a fair market value (based on Kelly Blue Book value) by advertising it for sale through an online auction service and selling it to the highest bidder, or by placing the unsold Vehicles for sale through an appropriate broker or automobile listing service;

   c. Before accepting a bid or offer, Batte's counsel shall notify FTC counsel of the proposed sale price and the name, address, and telephone number of the purchaser(s) of the Vehicle;

   d. Pending sale of the Vehicles, Batte shall (i) maintain the Vehicles in good working order and in substantially the same condition as of March 25, 2025, the date Batte provided his sworn financial statement to the FTC; (ii) take no action to encumber or diminish the value of the Vehicles; (iii) maintain

existing insurance coverage for the Vehicles; and (iv) remain current on any tax, registration, maintenance costs, loans, and other fees and expenses related to the Vehicles; and

e.  Within three (3) business days of receipt of the net proceeds from the sale of the Rolls-Royce and the Ferrari, or within three (3) business days of the date of this Order if the Rolls-Royce or Ferrari has already been sold pursuant to the Amended Stipulated Preliminary Injunction (Dkt. 47, 95), Batte's counsel G. James Christiansen shall transfer the net proceeds to the Commission by electronic fund transfer, in accordance with instructions provided by a representative of the Commission;

f.  Within three (3) business days of receipt of the net proceeds from the sale of the Cadillac, or within three (3) business days of the date of this Order if the Cadillac has already been sold pursuant to the Amended Stipulated Preliminary Injunction (Dkt. 47, 95), Batte's counsel G. James Christiansen shall transfer Forty Thousand Dollars ($40,000.00) of the Cadillac net proceeds to the Commission by electronic fund transfer, in accordance with instructions provided by a representative of the Commission, and Batte may receive the remainder of the Cadillac net proceeds; and

g.  Except as set out in this Subsection, Batte shall in no way profit directly or indirectly from the sale of any of the Vehicles, including by sharing in any sales commission or fee, or by receiving anything of value of any kind.

- 11 -

2. If he has not already done so pursuant to the Amended Stipulated Preliminary Injunction (Dkt. 47, 95), Individual Defendant Osmany Batte shall take the following steps to sell at fair market value all interests in the properties located at 22115 Hackney Street, West Hills, California 91304 and 10122 Jovita Avenue, Los Angeles, California 91311 (collectively, the "Investment Properties"):

   a. Batte shall within three (3) days of entry of this Order list each of the Investment Properties for sale, provided that Batte first obtains from counsel for the FTC written approval of the terms that Batte establishes for the listing, including the list price and any real estate agent retained, which approval shall not be unreasonably withheld;

   b. Immediately upon receiving any offer to purchase either Investment Property, Batte's counsel shall notify FTC counsel of the amount of the offer, any other conditions of the offer, and the name(s) and address(es) of the person(s) or entity(ies) making such offer;

   c. Batte shall take all reasonable steps to effectuate the sale of the Investment Properties, including, but not limited to, signing contracts with real estate agents, keeping the Investment Properties in good repair, keeping the Investment Properties in a condition suitable for showing to prospective purchasers, signing contracts for the sale of the Investment Properties, and signing all documents necessary or appropriate for the transfer of the Investment Properties to a new buyer(s);

d. If, after three (3) months from the date of the entry of this Order, all interests in the Investment Properties have not been sold, Batte shall immediately retain an auction company and direct it to sell all remaining interests in the Investment Properties at public auction, provided that Batte first obtains from counsel for the FTC written approval of the auction company and of the terms that Batte establishes for the auction, which approval shall not be unreasonably withheld;

e. Until Batte transfers title and possession of the Investment Properties, Batte shall take no action to diminish the value of the Investment Properties, including any structures, fixtures, and appurtenances thereto, but instead shall maintain the Investment Properties in the same condition as on March 25, 2025, the date Batte provided his sworn financial statements to the FTC. Batte shall be responsible for timely payment of all taxes, fees, association dues, and all other attendant expenses related to the maintenance and ownership of the Investment Properties until such time as each property is sold or auctioned. Batte further is required to continue and to maintain in full force insurance coverage on the Investment Properties until the sale or auction of each Investment Property;

f. Within three (3) business days of receipt of the net proceeds of the sale or auction of each of the Investment Properties, or within three (3) business days of the date of this Order if an Investment Property has already been sold or auctioned pursuant to the Amended Stipulated Preliminary Injunction

(Dkt. 47, 95), Batte's counsel G. James Christiansen shall transfer all net proceeds (funds from the sale or auction of the Investment Property after payment of obligations due and owing to any valid mortgage holders and other priority lien holders, any property taxes owed, any adjustments in favor of the buyer(s) required to sell the property, and any reasonable and customary real estate agent fees and closing costs incurred in connection with such sale or auction that have been approved by counsel for the FTC, which approval shall not be unreasonably withheld) to the Commission by electronic fund transfer, in accordance with instructions provided by a representative of the Commission. Any sheriff, title company, or other person involved in such a sale or auction may rely on this Order as the authority to deliver the net proceeds to the Commission;

g.  To secure his performance under this Subsection B.2, Batte hereby grants to Plaintiff Federal Trade Commission a lien on and security interest in each of the Investment Properties in the value of Five Hundred Thousand Dollars ($500,000). Batte represents and acknowledges that the Commission is relying on the material representations that he is the sole owner of each of the Investment Properties; that title to each of the Investment Properties is marketable; and that none of the Investment Properties is encumbered by any lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest except for the lien, mortgage or security interest identified in the Financial Statement of Individual

- 14 -

Defendant Osmany Batte provided to the FTC on March 25, 2025 and any lien, mortgage, or security interest held by the Internal Revenue Service;

h.  Batte expressly agrees that none of the Investment Properties is a homestead property; and

i.  Batte shall cooperate fully with the Commission in the perfection of its liens and security interests of the Investment Properties and be responsible for preparing, executing, and recording the necessary documents and taking other actions necessary to perfect the Commission's voluntary liens on and security interests in the Investment Properties. Batte shall be responsible for paying all costs relating to the preparation, execution, delivery, filing, recording, and termination of the voluntary lien on and security interest in the Investment Properties. Batte shall deliver to the Commission copies of all recording documents used to perfect the Commission's voluntary liens on and security interests in the Investment Properties within ten days from the date of entry of this Order.

C.  If, after six (6) months from the date of the entry of this Order, all net proceeds from the sale of the assets referenced in Subsection B have not been transferred to the FTC, Batte consents to the appointment of a receiver by the Court for the purpose of taking possession and control of and liquidating the unsold assets, with the rights, powers, and privileges of an equity receiver. The costs and expenses of the receivership, including reasonable compensation for the receiver and personnel retained by the receiver, shall be paid solely from the proceeds of the sale of the assets.

D.      Upon completion of all transfers and requirements described in Subsections B and C, the remainder of the judgment entered in Section IV.A is suspended as to all Stipulating Defendants, subject to Subsections H, I, and J below.

E.      Judgment in the amount of Seven Million, Five Hundred and Sixty-Five Thousand Dollars ($7,565,000) is entered in favor of the Commission against Relief Defendant, jointly and severally with Stipulating Defendants, as equitable monetary relief.

F.      In partial satisfaction of the monetary judgment set forth in Section IV.E, the following transfer shall be made to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission. Relief Defendant shall relinquish all legal and equitable right, title, control, and interest in these assets and shall take all steps necessary to transfer possession, custody, and control of the following assets to the Commission:

  1. Within seven (7) days of entry of this Order, J.P. Morgan Chase Bank, N.A. shall transfer to the Commission all assets held in the accounts ending in account numbers 6368 and 3792 in the name of Friendly Solar Inc.

G.      Upon completion of the asset transfer set forth in Section IV.F, the remainder of the judgment entered in Section IV.E is suspended, subject to Subsections H, I, and J below.

H.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

  1.     The financial information submitted by email from Mr. Batte to FTC counsel on March 4, 2025, and all attachments thereto;

- 16 -

2.     The financial information submitted by email from Mr. Batte to FTC counsel on March 5, 2025, and any attachments thereto;

3.     The financial information provided by Mr. Batte to FTC counsel at the March 5, 2025 preliminary injunction hearing, including all mortgage and other documentation shown to FTC counsel;

4.     The information regarding Stipulating Defendants' financial disclosures provided by Stipulating Defendants' counsel G. James Christiansen to FTC counsel during a telephone call on March 21, 2025;

5.     The additional information regarding Stipulating Defendants' financial disclosures submitted by email from Stipulating Defendants' counsel G. James Christiansen to  FTC counsel on March 25, 2025, and all attachments thereto;

6.     The information regarding the balance of Friendly Solar Inc.'s bank account and status of real property owned by Mr. Batte provided by Stipulating Defendants' counsel G. James Christiansen to FTC counsel during the meet and confer conference on May 5, 2025;

7.     The additional information regarding Mr. Batte's possession of personal property submitted by email from Stipulating Defendants' counsel G. James Christiansen to FTC counsel on May 30, 2025, and any attachments thereto;

8.     The additional information regarding Mr. Batte's residence and sale of personal property submitted by email from Stipulating Defendants' counsel G. James Christiansen to FTC counsel on June 2, 2025, and all attachments thereto;

9.    The additional information regarding Mr. Batte's residence submitted by email from Stipulating Defendants' counsel G. James Christiansen to FTC counsel on June 3, 2025, and all attachments thereto;

10.    The additional information regarding the repossession and sale of the 2021 Mercedes-Benz GLB submitted by email from Stipulating Defendants' counsel G. James Christiansen to FTC counsel on June 27, 2025;

11.    The additional information regarding Mr. Batte's 2021 Rolls-Royce, Mr. Batte's 2022 Ferrari, and the mortgage balance on Mr. Batte's residence in Calabasas, California submitted by email from Stipulating Defendants' counsel G. James Christiansen to FTC counsel on July 10, 2025, and all attachments thereto;

12.    The additional information regarding Mr. Batte's 2021 Rolls-Royce and 2022 Ferrari submitted by email from Stipulating Defendants' counsel G. James Christiansen to FTC counsel on August 5 and 6, 2025; and

13.    The additional information regarding Mr. Batte's 2023 Cadillac and the status of Mr. Batte's Investment Properties provided by Stipulating Defendants' counsel G. James Christiansen to FTC counsel during the video conference on August 18, 2025.

I.    The partial suspension of the judgment will be lifted as to the Stipulating Defendants or Relief Defendant if, upon motion by the Commission, the Court finds that Stipulating Defendants or Relief Defendant failed to disclose any material asset, materially misstated the value of any asset, made any other material misstatement or omission in the financial representations identified above,

- 18 -

or failed to make the sales and asset transfers set out in Subsection B, C, or F above.

J.      If the partial suspension of the judgment is lifted, the judgment becomes immediately due as to Stipulating Defendants in the amount specified in Section IV.A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint) or as to Relief Defendant in the amount specified in Section IV.E (which the parties stipulate only for purposes of this Section represents the unjust enrichment received by Relief Defendant, as alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V.    ADDITIONAL MONETARY PROVISIONS

A.      Stipulating Defendants and Relief Defendant relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Stipulating Defendants and Relief Defendant acknowledge that any Employer Identification Number, Social Security Number, or other Taxpayer Identification Number, including all such numbers that Stipulating Defendants and

- 19 -

Relief Defendant previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E.      All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Stipulating Defendants and Relief Defendant have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.      The asset freeze set forth in the Amended Stipulated Preliminary Injunction is modified to permit the asset transfers identified in the section titled Monetary Judgment. Upon completion of the transfers, the asset freeze is dissolved as to the Stipulating Defendants. The asset freeze shall remain in place as to the other defendants that are not a party to this stipulation. Stipulating Defendants must fully cooperate with the Commission as to the asset freeze. Stipulating Defendants must take all steps reasonable and necessary to assist in the transfer of assets, as identified in the section titled Monetary Judgment. If requested to execute appropriate documents, such as to liquidate, transfer, or assign any frozen asset, the Stipulating Defendants must execute such documents within 3 days of a written request from a representative of the Commission or any entity holding Stipulating Defendants' assets.

## VI.    CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from directly or indirectly:

     A.    Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within 14 days.

     B.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the business activities alleged in the Complaint; and

     C.    Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

     Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.    COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Amended Complaint. Stipulating Defendants must provide

truthful and complete information, evidence, and testimony. Stipulating Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants and Relief Defendant obtain acknowledgments of receipt of this Order:

A.    Stipulating Defendants and Relief Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, for any business that any Stipulating Defendant individually, or collectively with any other Defendant, is the majority owner or controls directly or indirectly, Stipulating Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of this Order and all agents and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Stipulating Defendants delivered a copy of this Order, Stipulating Defendants must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.    COMPLIANCE REPORTING

- 22 -

**IT IS FURTHER ORDERED** that Stipulating Defendants and Relief Defendant make timely submissions to the Commission:

A.     One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1. Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (b) identify all of the Stipulating Defendant's business activities, including any business for which the Stipulating Defendant performs services whether as an employee or otherwise and any entity in which the Defendant has any ownership interest, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant must describe if it knows or should know due to its own involvement); (d) describe in detail Stipulating Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (e) describe in detail whether and how the Stipulating Defendant is in compliance with each Section of this Order; and (f) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 10 years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

- 23 -

1. Stipulating Defendant must report any change in: (a) name, including any aliases or fictious names, (b) residential address, (c) title or role in any business activity, including any business for which the Stipulating Defendant performs services whether as an employee or otherwise and any entity in which the Stipulating Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity; (d) any designated point of contact; or (e) the structure of any entity the Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Stipulating Defendants and Relief Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against any Stipulating Defendant or Relief Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal

Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Growth Cave, X250025.

## X.    RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 10 years after entry of this Order, and retain such record for 5 years. Specifically, Stipulating Defendants, for any business that a Stipulating Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.    Accounting records showing the revenues from all goods or services sold;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, address, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    A copy of each unique advertisement or other marketing material.

## XI.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended:

A.    Within 14 days of receipt of a written request from a representative of the Commission, Stipulating Defendants and Relief Defendant must: submit additional compliance reports or other requested information, which must be sworn

- 25 -

under penalty of perjury; appear for depositions or testimony at a hearing or trial; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Stipulating Defendants and Relief Defendant. Stipulating Defendants and Relief Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or Relief Defendant or any individual or entity affiliated with Stipulating Defendants or Relief Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Stipulating Defendants and Relief Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED AND AGREED:**


**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

*/s/ Maris K.V. Snell*                                    Date: January 21, 2026
MARIS K.V. SNELL
msnell@ftc.gov
ADRIENNE JENKINS
ajenkins@ftc.gov
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, OH 44114
Tel: (202) 660-8544
Fax: (216) 263-3426

MILES D. FREEMAN
mfreeman@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

**FOR DEFENDANTS OSMANY BATTE AND APEX MIND, LLC AND RELIEF DEFENDANT FRIENDLY SOLAR, INC.:**

_____        Date: 11/17/2025

G. JAMES CHRISTIANSEN
Guardian Law, LLC
833 E Pioneer Road Ste 102
Draper, UT 84020
Tel: (844) 409-1122

*Attorney for Defendants Osmany Batte,
Apex Mind, LLC and Friendly Solar,
Inc.*

_____        Date: 11/17/2025

OSMANY BATTE

*Individually and as an officer or owner of
Apex Mind, LLC and Friendly Solar,
Inc.*

- 28 -

**FOR DEFENDANTS OSMANY BATTE AND APEX MIND, LLC AND RELIEF DEFENDANT FRIENDLY SOLAR, INC.:**

Date: November 17, 2025

G. JAMES CHRISTIANSEN
Guardian Law, LLC
833 E Pioneer Road Ste 102
Draper, UT 84020
Tel: (844) 409-1122

*Attorney for Defendants Osmany Batte, Apex Mind, LLC and Friendly Solar, Inc.*

Date: November 17, 2025

_____

OSMANY BATTE

*Individually and as an officer or owner of Apex Mind, LLC and Friendly Solar, Inc.*